**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0792-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL NUNEZ,

     Defendant-Appellant.

---

Submitted September 13, 2018 – Decided September 19, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 10-06-1884.

Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Nunez appeals from the denial of his post-conviction relief (PCR) petition. Defendant contends trial counsel's ineffective assistance caused him to plead guilty without knowledge of deportation consequences, and that counsel failed to represent him properly at the sentencing hearing. Because we find defendant has not demonstrated a prima facie showing of ineffective counsel, we affirm.

After a jury convicted defendant on charges of murder and weapons-related offenses, on appeal, this court reversed the convictions and sentence, finding error in the admission of certain testimony. State v. Nunez, 436 N.J. Super. 70, 72 (App. Div. 2014). Following the State's petition for certification, the Supreme Court granted a motion for a remand to permit the parties to negotiate a plea agreement.

In January 2015, defendant pleaded guilty to an amended count of aggravated manslaughter as part of a negotiated plea and was sentenced within the negotiated term to twenty years imprisonment with an eighty-five percent period of disqualification under the No Early Release Act, N.J.S.A. 2C:43-7.2. After defendant filed a notice of appeal, asserting an excessive sentence, the State moved to vacate the plea agreement. Defendant thereafter withdrew his notice of appeal.

In defendant's PCR petition before the trial court, he argued that trial counsel failed to discuss potential immigration consequences stemming from his guilty plea and that his sentence was excessive. In a supporting certification, defendant averred for the first time that he had been born in the Dominican Republic and immigrated to the United States when he was a year and a half.

In considering defendant's arguments, the judge noted Padilla v. Kentucky, 559 U.S. 356 (2010), was the controlling law in determining whether an attorney properly advised his or her client of any immigration consequences of a plea agreement. However, the judge also noted that defendant had represented himself to be an American citizen throughout the course of the trial court proceedings.

Defendant reported during his pre-sentence report interview that he was born in Camden, New Jersey where he continued to reside up until the incarceration for his current charges. Defendant responded "yes" to the question on the plea form asking whether he was a citizen of the United States. He initialed the bottom of the page and signed the final page of the form. During the plea colloquy, defendant confirmed he read the plea form, provided his counsel with the information contained on the form, and signed and initialed each page.

A-0792-17T4

The PCR judge observed that defendant had not submitted any documentation to support his assertion that he was a citizen of the Dominican Republic and not the United States. As a result, his argument was nothing more than a "bald assertion." The judge determined that trial counsel was "permitted to rely on the defendant's representations that he was an American citizen." As a result, trial counsel was not obligated to discuss the immigration consequences of a guilty plea.

The PCR judge also considered and rejected defendant's second argument in his petition, an allegation that trial counsel failed to argue any mitigating factors at sentencing. As defendant did not specify which mitigating factors might have been applicable in his circumstances, the judge categorized this argument also as a bald assertion. The petition for PCR was denied on July 21, 2017.

On appeal, defendant reiterates his contentions presented to the PCR court. The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on an ineffective assistance of counsel claim, defendant must meet the

4

two-prong test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that defendant failed to demonstrate the ineffectiveness of trial counsel under the Strickland-Fritz test. Although Padilla, State v. Nunez-Valdez, 200 N.J. 129 (2009) and State v. Gaitan, 209 N.J. 339 (2012) (applying Padilla prospectively), all require trial counsel to inform a non-citizen client when a plea carries a risk of deportation, those circumstances were not present here.

At no time during these court proceedings did defendant advise he was not a United States citizen. To the contrary, he stated during the pre-sentence report interview that he was born in Camden where he resided his entire life. He spoke English and had finished the 10th grade. Defendant provided the information on the plea form that he was a United States citizen. He initialed the pertinent page and signed the form.

A-0792-17T4

As a result, we are satisfied the PCR judge properly analyzed the two prong standard articulated in Strickland and his opinion was factually supported. Where defendant represented he was a United States citizen and had lived in New Jersey his entire life and provided no contrary information, trial counsel cannot be deemed deficient for failing to advise defendant of potential immigration consequences stemming from his plea.

In considering defendant's assertion concerning his sentence, we find it to be without merit. In the first instance, any challenge to a sentence is properly raised in a direct appeal. Defendant initially appealed his sentence, asserting it to be excessive. However, after the State moved to vacate the guilty plea, defendant withdrew his appeal, later raising the same argument in his PCR petition. Rule 3:22-4(a) precludes defendant from raising these arguments in his petition. Nevertheless, we have considered defendant's contentions and find them meritless. Although defendant did not express to the PCR court which mitigating factors might have been applicable, on appeal he mentions mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), that defendant was law-abiding for a

A-0792-17T4

significant period of time, and mitigating factor eleven,[1] N.J.S.A. 2C:44-1(b)(11), that imprisonment would entail excessive hardship to a dependent.

The record fails to support either of these factors. Defendant had multiple prior convictions as a juvenile and adult, for which he had served prison time. Although the presentence report advised that defendant lived with his three-year-old child and the child's mother, it also listed defendant as unemployed without any assets or income. Defendant has not demonstrated that he provided any support to a dependent or that his incarceration would pose an excessive financial hardship to a dependent. We are satisfied defendant has not established that counsel was deficient in failing to assert either of these factors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant cites to mitigating factor thirteen in his brief, N.J.S.A. 2C:44-1(b)(13). Based on his description of the factor, we conclude this was an error and the reference was instead to factor eleven.

A-0792-17T4